UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE MARTINEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0744-X |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Experian Information Solutions, Inc.'s motion to compel arbitration. (Doc. 49). Having carefully considered the motion, the parties' arguments, and the applicable law, the Court **GRANTS** the motion. (Doc. 49). Accordingly, the Court **ORDERS** Plaintiff Joe Martinez and Experian to arbitration. The action before this Court will continue as to Martinez's claims against the remaining defendants.

The Court **FINDS AS MOOT** Experian's motion to stay. (Doc. 66).

### I. Background

This case involves alleged violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. In 2022, Plaintiff Joe Martinez enrolled in CreditWorks, a product of Experian. In order to do so, he had to complete a webform. This required he enter his personal information and click the "Create Your Account" button on the webform. Below that button was the following disclosure: "By clicking

1

'Create Your Account': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy."

The phrase "Terms of Use Agreement" was highlighted in blue, which was intended to demonstrate that it was a hyperlink. If clicked on, Martinez would have been presented with the full text of the agreement.

Martinez clicked on the "Create Your Account" button which, according to Experian, constituted an acceptance of the Terms of Use Agreement. The version of the Terms of Use Agreement that Martinez agreed to contain an Arbitration Agreement. After enrolling, Martinez continuously used the service.

Martinez filed this lawsuit alleging that he is an identity-theft victim and has suffered as a result of the defendants mishandling of his confidential information and unreasonable investigations into his disputes. Specifically, he contends that Experian failed to investigate his identity-theft credit dispute and block the fraudulent information from his credit file. Experian filed the present motion to compel arbitration based on the arbitration agreement Martinez entered into when enrolling in CreditWorks. The motion is ripe for this Court's consideration.

## II. Legal Standard

The Federal Arbitration Act requires district courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute.[1] To determine whether the parties agreed to arbitrate the dispute, a court must consider: (1) whether there is a valid agreement to arbitrate between the

---

[1] 9 U.S.C. § 3.

parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement.² The question of whether there is a valid arbitration agreement is determined by traditional state contract principles.³

### III. Analysis

Experian filed a motion to compel arbitration.⁴ Experian contends that the arbitration agreement requires the parties to arbitrate this dispute.⁵ Martinez argues that the arbitration agreement is invalid and does not cover his claims.⁶ The Court agrees with Experian.

### A. Admissibility of the Smith Affidavit

First, Martinez argues that the affidavit of Dan Smith attesting to his acceptance of the user agreement is foundationless and inadmissible.⁷ And without the attestation of Smith, Experian cannot prove that he accepted the user agreement or the arbitration agreement contained within it.⁸ The Court disagrees.

Federal Rule of Civil Procedure 56 states that "a declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the

---

² *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

³ *Id.*

⁴ Doc. 49.

⁵ *Id.* at 8.

⁶ Doc. 53 at 11–25.

⁷ *Id.*

⁸ *Id.*

matters stated."[9] Smith is an executive at Experian who is responsible for consumer enrollment in CreditWorks, the product which Martinez is alleged to have used.[10] His affidavit explains his personal knowledge of Experian systems and how he concluded that Martinez accepted the user agreement.[11] Therefore, Smith's affidavit is admissible for the purposes of determining whether Martinez accepted the user agreement.

## B. Arbitration Agreement

In the Fifth Circuit, "[c]ourts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute."[12] Courts must (1) determine whether the parties entered into any arbitration agreement at all and (2) determine whether the claim at issue is covered by the arbitration agreement.[13]

Here, it is clear that the parties entered into an arbitration agreement. Under Texas law, there is "no presumption in favor of arbitration when determining whether a valid arbitration agreement exists . . . the parties moving to compel arbitration must show that the agreement meets all of the requisite contract elements."[14] And in Texas, to prove the existence of a binding contract, a plaintiff must establish that:

> (1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party

---

[9] FED. R. CIV. P. 56(c)(4).

[10] Doc. 54 at 3–10.

[11] *Id.*

[12] *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

[13] *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

[14] *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)).

consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding.[15]

Martinez signed up for an account with Experian which required he agree to the user agreement before proceeding.[16]  This meant that he was required to access, read, and agree to Experian's Agreement to Arbitrate Claims.  There is no reason for the Court to believe otherwise; Experian demonstrated that Martinez clicked the hyperlink acknowledging that he read and agreed to the terms in the agreement, which contained the Agreement to Arbitrate Claims.[17]  Courts within Texas routinely enforce agreements that are acknowledged in this manner.[18]

Second, Martinez accepted in strict compliance with the terms of the offer. According to the arbitration agreement, the parties agreed to arbitrate "all disputes that arise between us."[19]  And it has been demonstrated that Martinez accepted the arbitration agreement.

Third, there was mutual assent to the arbitration agreement.  Experian demonstrated that Martinez accepted the user agreement, including the arbitration agreement, and operated in accordance with that agreement by accessing Experian's services.[20]

---

[15] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 (Tex. 2018).

[16] Doc. 49 at 5–6.

[17] *Id.*

[18] *See Phillips v. Neutron Holdings, Inc.,* No. 3:18-CV-3382-S, 2019 WL 4861435, at *2–5 (N.D. Tex. Oct. 2, 2019) (Scholer, J.); *May v. Expedia, Inc.*, No. A-16-CV-1211-RP, 2018 WL 4343445, at *3 (W.D. Tex. July 19, 2018).

[19] Doc. 49 at 4.

[20] *Id.* at 5–7.

Fourth, each party consented to the terms of the agreement.  Martinez agreed to the user agreement so he could access the website and use Experian's services, and the Court has no reason to believe that the terms of the agreement were not consented to.[21]

Finally, both parties executed and delivered the contract with the intent that it was mutual and binding.  Again, because Martinez agreed to the user agreement and used Experian's services, the Court has no reason to believe that the contract was not mutually agreed to and binding.[22]  Therefore, the parties entered into an arbitration agreement.

And it is clear that Martinez's claims fall under the scope of the arbitration agreement.  The arbitration agreement is nearly infinitely broad, encompassing all disputes "arising out of or relating to this Agreement."[23]  And this dispute—whether Experian failed to follow proper procedures, investigate Martinez's disputes, and block identity-theft information—arises out of the terms of the agreement.

## IV. Conclusion

Accordingly, the Court **GRANTS** the Defendant's motion to compel arbitration.  (Doc. 49).  The Court **ORDERS** the parties to arbitration.  The Court further **ORDERS** the parties to file joint status reports every 6 months, beginning

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 4.

6

from the date of this order, to inform the Court of the status of arbitration and the claims between them.

**IT IS SO ORDERED** this 22nd day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE